# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# BROWARD DIVISION

Civil Action No.

**AMY WOODS DENNIS**,

    Plaintiff,

v.

**BAHAMAS PARADISE CRUISE LINE, LLC**,

    Defendant.

## COMPLAINT

**COMES NOW**, the Plaintiff, **AMY WOODS DENNIS**, by and through the undersigned counsel, sues the Defendant, **BAHAMAS PARADISE CRUISE LINE, LLC**, and alleges as follows:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1. Jurisdiction of this claim is founded upon the court's maritime jurisdiction pursuant to 28 U.S.C. § 1331(1), 46 U.S.C. 740, Rule 9h of the Federal Rules of Civil Procedure, and the Forum Selection Clause of Plaintiff's cruise ticket with the Defendant.

2. Plaintiff has complied with all conditions precedent to bringing this action or the conditions precedent do not apply.

3. At all times material hereto, upon information and belief, the Plaintiff, **AMY WOODS DENNIS**, is a U.S. citizen and was a resident of Broward County, Florida, and is *sui juris*.

4.      That all times material hereto, upon information and belief, the Defendant, **BAHAMAS PARADISE CRUISE LINE, LLC**, was and still is a Florida Limited Liability Company authorized and doing business in the State of Florida, with its principal place of business located at 2419 E. Commercial Blvd., Ft. Lauderdale, FL 33308.

5.      Defendant, **BAHAMAS PARADISE CRUISE LINE, LLC**, at all relevant times, owned and operated the cruise ship *Grand Celebration*.

6.      That on or about February 7, 2016, the Plaintiff, **AMY WOODS DENNIS**, at all relevant times, was a fare-paying passenger aboard the subject vessel.

7.      Defendant, **BAHAMAS PARADISE CRUISE LINE, LLC**, at all relevant times, owed the Plaintiff, as a fare-paying passenger, a duty to exercise reasonable care under the circumstances for her safety.

8.      That the Plaintiff, **AMY WOODS DENNIS**, participated in a game hosted by the Defendant on the pool deck.

9.      That as part of the game, Plaintiff was required to run.

10.     That there was a puddle of water that Defendant, **BAHAMAS PARADISE CRUISE LINE, LLC**, knew of, or should have known of, which Defendant permitted to remain on the floor.

11.     Unbeknownst to Plaintiff, the surface where the game was hosted was slippery when wet and/or covered by water.

12.     That as the Plaintiff, **AMY WOODS DENNIS**, was running, she slipped and fell due to the aforementioned puddle of water.

13.     That the Plaintiff, **AMY WOODS DENNIS**, sustained serious bodily injuries as a result of slipping and falling.

**COUNT I - NEGLIGENCE AGAINST BAHAMAS PARADISE CRUISE LINE, LLC**

14. The Plaintiff, **AMY WOODS DENNIS**, adopts and re-alleges paragraphs 1–13, as if they were reproduced herein, and further alleges:

15. That at the time the Plaintiff was injured, Defendant, **BAHAMAS PARADISE CRUISE LINE, LLC**, owed the Plaintiff a legal duty of reasonable care in maintaining the cruise ship in a reasonably safe condition, free from transitory foreign object or substances that might foreseeably give rise to injury or damage to the Plaintiff.

16. Moreover, Defendant, **BAHAMAS PARADISE CRUISE LINE, LLC**, had a legal duty to warn the Plaintiff of any defects or unreasonably dangerous conditions on the Defendant's cruise ship.

17. Nevertheless, Defendant, by and through its agents, servants, and/or employees breached the aforesaid duties to Plaintiff, **AMY WOODS DENNIS**, by the following:

   a. carelessly and negligently creating an unreasonably dangerous condition by permitting the existence of a foreign object or substance on the floor of the cruise ship that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

   b. carelessly and negligently failing to inspect the floors of the cruise ship for the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

    c. carelessly and negligently failing to maintain the subject floor of the cruise ship free from the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

    d. carelessly and negligently failing to warn this Plaintiff, by sign or otherwise, as to the existence of said unreasonably dangerous conditions on the subject floor that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

    e. carelessly and negligently failing to otherwise undertake reasonable efforts to repair and/or remedy any unreasonable dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

18. That as a direct and proximate result of the negligence of Defendant, **BAHAMAS PARADISE CRUISE LINE, LLC**, the Plaintiff, **AMY WOODS DENNIS**, was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of her injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

**WHEREFORE**, the Plaintiff, **AMY WOODS DENNIS**, prays for entry of a judgment against the Defendant, **BAHAMAS PARADISE CRUISE LINE, LLC**, in an amount in excess of Fifteen Thousand ($15,000.00) dollars, plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

Law Offices of
**ROBERT J. FENSTERSHEIB & ASSOCIATES, P.A.**
520 West Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone: (954) 456-2488
Facsimile: (954) 867-1844

**/s/ Michael W. Wallace**
Michael W. Wallace, Esq.
Florida Bar No: 114950
mwallace@fenstersheib.com
mww-pleadings@fenstersheib.com